## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRIAN C. LACEY, B-10329,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-69-GPM** |
| | ) | |
| **CHET SHAFFER, OFFICER SUE, FRANKLIN COUNTY, ILLINOIS, and OFFICER TRACY,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Brian C. Lacey, a former pre-trial detainee in the Franklin County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff served approximately two years of his four year sentence for aggravated battery and retail theft, and is now on mandatory supervised release. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The following summary of facts is taken from Plaintiff's First Amended Complaint (Doc. 10). On March 25, 2010, while Plaintiff was housed in the Franklin County Jail, he was assaulted by another detainee, Walter Sanders. Sanders was a federal detainee, while Plaintiff was being held on state charges. Plaintiff sustained two chipped teeth and injuries to his head, back and neck. Over several days leading up to the attack, Plaintiff heard Sanders tell jail personnel that if they did not move him out of the Franklin County Jail, he was going to physically assault other jail inmates in order to get officials to move him (Doc. 10, p. 3). According to Plaintiff, these threats became more

violent as time went on, causing Plaintiff to fear for his safety.  Plaintiff made "numerous attempts" to put jail officials on notice of his fears, but was ignored (Doc. 10, p. 3).

On the morning before the attack on Plaintiff, Sanders stated that "blood was going to spill" if he was not moved that day (Doc. 10, p. 3).  Sanders packed up all his property and brought it to the dayroom.  Defendant Officer Sue noticed this, and asked Sanders why his property was there, to which Sanders responded that he wanted to be moved out of the jail.  Defendant Officer Tracy arrived in response to Defendant Sue's call for assistance, and Sanders repeated his request to move and asked to be placed in a holding cell.  When Defendant Tracy refused, Sanders stated that if he was not moved immediately, he was going to "start whipping other inmate's ass [sic]" to get moved (Doc. 10, p. 4).  Defendant Tracy responded, "'Do what you gotta do,'" then left the housing area along with Defendant Sue.  *Id.*

After approximately thirty minutes, during which Sanders continued his verbal threats, Defendant Lieutenant Shaffer came into the dayroom and asked Sanders what was going on.  Plaintiff was sitting on a table in the dayroom, watching television.  Sanders asked to be transferred, and repeated his threats that if they did not move him, he would "whip somebody's ass and make them move him."  *Id.*  Defendant Shaffer responded, "'Do whatever you gotta do – you ain't getting moved'" (Doc. 10, p. 5).  Hearing this, Sanders became aggressive and upset, then turned to Plaintiff and punched him in the face.  Plaintiff was knocked to the floor, landing on his head and back.  Defendant Shaffer then used his taser on Sanders.

Defendant Tracy helped Plaintiff off the floor and took him to get medical attention.  Plaintiff's mouth was bleeding and he had severe pain in his neck and back.  Plaintiff asked for further treatment for his pain and chipped teeth after the assault, but his requests were ignored by

jail staff (Doc. 1, p. 8). Plaintiff's two injured teeth later had to be pulled.

Plaintiff alleges that the attack on him was a direct result of the policy of housing federal and state detainees together at the Franklin County Jail, as well as of Defendant Shaffer's refusal to remove Sanders from the dayroom after he threatened to attack other detainees (Doc. 1, p. 6).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

## Count 1 - Failure to Protect

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pre-trial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pre-trial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717-18 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991).

Jail officials have a duty to protect pre-trial detainees from violence caused by other inmates. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). However, liability attaches only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.*, *quoting Farmer v. Brennan*, 511 U.S.

825, 847 (1994). Thus, to prevail on this claim, Plaintiff must show first that he was at risk of harm, and that the Defendants knew about this risk and disregarded it. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

## A. Defendants Shaffer, Sue, and Tracy

Plaintiff has alleged that Defendants Shaffer, Sue, and Tracy knew about the risk posed by Sanders. Each of them was present and heard Sanders threaten to attack other inmates if he was not moved out of the jail. Plaintiff was in close proximity to Sanders in the dayroom. Not only did the Defendants refuse to take any action to mitigate the risk that Sanders would carry out his threat, Defendants Shaffer and Tracy went one step further and encouraged Sanders, telling him to "do what [he's] gotta do." Immediately after Defendant Shaffer made this statement to Sanders, Sanders attacked Plaintiff.

In the days leading up to the assault, Plaintiff alleges he informed jail staff of his fear that Sanders would carry out his threats to harm other inmates, but was ignored. Even though Sanders's threats immediately prior to the attack were general and not directed specifically toward Plaintiff (as opposed to any of the other detainees), such a generalized danger may still be the basis for liability. The Supreme Court in *Farmer* noted that "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or *because all prisoners in his situation face such a risk*." *Farmer*, 511 U.S. at 843 (emphasis added).

The Seventh Circuit has recognized that prison officials who are aware of a danger posed by a violent inmate, yet fail to take any steps to mitigate the threat, may be held liable under the deliberate indifference standard. *Pierson v. Hartley*, 391 F.3d 898, 903-04 (7th Cir. 2004) (plaintiff

who was attacked after defendants placed dangerous inmate in dormitory-style housing unit knowing of his history of violence, could maintain action absent any specific threat directed at plaintiff); *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002) (guards may be held liable for failing to take steps to prevent contact between plaintiff and assailant who had previously threatened him, where guards knew of threats and could easily have averted danger); *see also Morris v. Ley*, 331 F. App'x 417, 419-20 (7th Cir. 2009) (prison officials who moved plaintiff into cellblock where enemy inmate was housed may be liable for failure to protect, where plaintiff told them of threats but knew only the cellblock and not the name of the inmate who had previously threatened him).

At the pleadings stage, Plaintiff has sufficiently stated a claim for failure to protect by alleging knowledge of the risk of an attack by Sanders, as well as the failure to act to mitigate that risk, on the part of Defendants Shaffer, Sue, and Tracy. Plaintiff's claim against these Defendants is not subject to dismissal at this time.

### B. Defendant Franklin County

In order to obtain relief against a municipality or county, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality or county. *Monell v. Dep't of Soc. Servs. of the City of N. Y.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007), *quoting Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original); *see also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007)

("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'"), *quoting Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007). A complaint must allege a direct causal link between the policy or custom of the local government unit, and the alleged constitutional violation. *Sims*, 506 F.3d at 515.

Here, the Court cannot agree that this housing policy was a direct or proximate cause of the alleged deprivation of Plaintiff's constitutional rights. It is clear from Plaintiff's complaint that he is claiming that the failure of Defendants Shaffer, Sue, and Tracy to remove or isolate Sanders from other detainees led to the assault on Plaintiff. Plaintiff does not allege that these Defendants' failure to remove Sanders was the result of any official policy or custom. Instead, it appears that any misconduct on the part of these individual Defendants was of their own volition. Moreover, the Court has no basis to conclude, as Plaintiff appears to allege, that federal detainees pose any greater danger to their fellow prisoners than do state detainees.

Plaintiff's complaint has not established any causal connection between a policy, custom, or practice of Defendant Franklin County and the allegedly unconstitutional actions of its employees. Therefore, Defendant Franklin County shall be dismissed from this action with prejudice.

## Count 2 - Deliberate Indifference to Medical Needs

Although pre-trial detainees are not covered by the Eighth Amendment, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment, and are entitled to the same sort of protection against deliberate indifference as convicted inmates. *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v.*

*Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Plaintiff's allegations relating to his medical care following the assault can be broken down into three chronological parts. Initially, he had a need for medical care immediately after the attack by Sanders, which was witnessed by Defendants Shaffer, Sue, and Tracy. Secondly, Plaintiff states that the unnamed "Medtech" who treated him following the assault gave only limited and ineffective medical care. Finally, Plaintiff claims that he made several subsequent complaints to various jail employees seeking follow-up care for his neck and back pain and chipped teeth, but his requests were ignored. Plaintiff does not identify the individuals to whom he directed these requests, nor does he describe the severity of his condition at the time or whether the lack of care worsened his condition.

### A. Defendants Shaffer, Sue, and Tracy

Plaintiff's need for medical attention immediately following the assault was obvious, and indeed he was promptly given some care for his injuries after Defendant Tracy escorted him to see

the Medtech. Thus, Defendants Shaffer, Sue, and Tracy did not disregard Plaintiff's need for care at the time immediately after he was attacked. This portion of the claim shall be dismissed with prejudice.

### B. Care Provided by the "Medtech" Immediately Following Plaintiff's Injury

Under the Eighth Amendment standards for evaluating a convicted prisoner's deliberate indifference claim, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005), *quoting Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999).

Under this standard, Plaintiff's allegations of ineffective or unsatisfactory care by the Medtech state only that the Medtech may have been negligent or at worst, committed malpractice. As such, Plaintiff fails to state a constitutional claim upon which relief may be granted, and this portion of the claim shall be dismissed with prejudice.

### C. Denial of Follow-up Medical Care

Plaintiff's claim that his requests for follow-up care for his pain and injured teeth went unheeded by jail staff might be considered deliberate indifference if Plaintiff's condition was

objectively serious, and if the officer(s) to whom he complained were aware that Plaintiff was at substantial risk of harm yet failed to act. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

Plaintiff's complaint does not contain sufficient allegations to establish deliberate indifference to his requests for follow-up care. Neither does Plaintiff identify by name or description any of the jail staff who allegedly ignored his pleas. This portion of his claim is consequently dismissed without prejudice to Plaintiff bringing this claim in a properly filed amended complaint, to be filed within 35 days of the date of this order, should he wish to further pursue the claim for lack of follow-up care.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff fails to state a claim upon which relief may be granted against **DEFENDANT FRANKLIN COUNTY, ILLINOIS**; therefore, this Defendant is **DISMISSED** from the action with prejudice.

**IT IS FURTHER ORDERED** that **COUNT TWO** fails to state a claim upon which relief may be granted. The claims in **PART A** and **PART B** of Count Two are **DISMISSED** with prejudice. The claim in **PART C** of Count Two is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claim for denial of follow-up medical care in **PART C** of **COUNT TWO**, Plaintiff shall file his Second Amended Complaint, outlining the basis of his claim and naming the individual Defendants directly responsible for the alleged deprivations of his constitutional rights, within 35 days of the entry of this order (on or before November 18, 2011). If Plaintiff does not file a Second Amended

Complaint, this case shall proceed against Defendants Shaffer, Sue, and Tracy on Count One alone.

Plaintiff is **ADVISED** that the Second Amended Complaint shall contain ONLY the claims designated in this Order as Count One, against Defendants Shaffer, Sue, and Tracy, and Count Two, Part C, and shall name ONLY those Defendants directly and personally responsible for the allegedly unconstitutional acts. Should the Second Amended Complaint not conform to these requirements, it shall be stricken and the entire case may be dismissed. Failure to timely file a Second Amended Complaint shall result in the dismissal of Count Two, Part C, becoming a dismissal ***with prejudice.***

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must stand on its own, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

The Court shall review the Second Amended Complaint, if one is filed, to determine whether the claims in Count Two, Part C, are subject to dismissal pursuant to § 1915A.

As to the claims in **COUNT ONE**, the Clerk of Court **SHALL PREPARE** for **DEFENDANTS SHAFFER, SUE,** and **TRACY** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by

the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. This entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days**
after a transfer or other change in address occurs.  Failure to comply with this order will cause a
delay in the transmission of court documents and may result in dismissal of this action for want of
prosecution. *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        DATED: October 14, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge